FOSTER et al. v. GUERRA et al. (No. 6331.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 4, 1920. Rehearing Denied March 10, 1920.)

1. ADVERSE POSSESSION ⬅114(1)—EVIDENCE HELD TO SHOW SUFFICIENT POSSESSION UNDER 10-YEAR STATUTE.

In trespass to try title, in which plaintiffs' title rested on limitations for 10 years, *held*, that judgment for plaintiffs was warranted under the evidence.

2. APPEAL AND ERROR ⬅1050(1)—EVIDENCE IN TRESPASS TO TRY TITLE AS TO VERBAL GIFT NOT REVERSIBLE WHERE NOT INJURIOUS.

In trespass to try title, where plaintiffs showed that they held adverse possession of the land for requisite time, testimony as to verbal gift could not have injured defendants.

3. ADVERSE POSSESSION ⬅27—EVIDENCE AS TO VERBAL GIFT ADMISSIBLE TO SHOW PLAINTIFFS PLACED IN POSSESSION BY DONOR.

In trespass to try title, in which plaintiffs' title rested on limitations for 10 years, testimony of a gift of the land to plaintiffs by their grandfather was admissible to show that plaintiffs were placed in possession by the grandfather, and that their father was never in possession.

4. APPEAL AND ERROR ⬅1058(1)—EXCLUSION OF EVIDENCE NOT ERROR WHERE FACT OTHERWISE SHOWN.

In trespass to try title, in which defendants claimed that plaintiffs' father had rented the land, where plaintiffs had shown fully that the father after the death of his wife lived with his children sometimes on and sometimes off the land in controversy, refusal of question to plaintiff if his father was not a part of his family until he was evicted from the land was not error.

5. TRIAL ⬅59(2)—WITNESSES ⬅226—MANNER OF CONDUCTING EXAMINATION OF WITNESSES AND ORDER OF PROOF DISCRETIONARY.

The manner of conducting the examination of witnesses and the order in which they are permitted to testify are matters largely within the discretion of the district court.

6. WITNESSES ⬅263—PERMITTING WITNESSES TO BE RE-EXAMINED HELD NOT ERROR.

Where witness was never under the rule, had not been tampered with, did not understand English, and testified through an interpreter, there was no error in permitting him to be re-examined as to parts of his testimony, and have him explain and correct former statements.

Appeal from District Court, Duval County; V. W. Taylor, Judge.

Action by Jonas R. Foster and others against Jesus Guerra and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

R. R. Mullen and S. H. Woods, both of Alice, H. S. Bonham, Dougherty & Dougherty, and G. C. Robinson, all of Beeville, for appellants.

James M. Taylor, of Corpus Christi, J. F. Clarkson, of San Diego, and Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for appellees.

FLY, C. J. This is an action of trespass to try title to 480 acres of land, instituted by appellees against Jonas R. Foster, as executor of the estate of George A. Race, deceased, R. R. Mullen, and Tom Sheeran, Sr. The last named filed a disclaimer and judgment was rendered against him on such disclaimer. Other parties defendant were afterward included in the suit. The cause was tried by jury on special issues, and upon their answers judgment was rendered in favor of appellees for the land sued for and rent for 1917, 1918, and 1919, in the sum of $430.75.

[1] The title to the land as to appellees rested on limitations for ten years, and appellees presented testimony tending to show that in 1893 or 1894 their grandfather, Isidro Guerra, who had been in possession of the land for many years before that, made a verbal gift of the land to them and placed them in possession; that their father, Evaristo Guerra, had never been in possession of the land, but after the death of their mother had lived with first one of his children and then another, sometimes with them on the land and then at times with a daughter who did not live on the land, but off at some distance. Appellants introduced evidence tending to show that Evaristo Guerra, the father of appellees, had verbally rented the land from an agent of appellants from about 1880 until about 1906 or 1907, when he had entered into a written lease contract for the land with George A. Race. The jury, as fully authorized by law so to do, credited the testimony offered by appellees rather than that offered by appellants. The evidence as to how appellees came in possession of the land, as to holding the land adversely for more than 10 years and until they were evicted by appellants, and the connection Evaristo Guerra had with the land, was reasonable and had no indicia of falsity, and there is no foundation for the contention, made through appellant's different assignments of error, that there was no evidence of exclusive adverse possession by appellees. If there was evidence that Evaristo Guerra had possession of the land as a tenant, the jury rejected it, as they had the right to do, and believed, as testified by the witnesses, that Evaristo Guerra was never in possession of the land as tenant or otherwise, but that their possession was open, adverse, exclusive, and continuous for a period of more than 10 years. The whole of the land had been fenced by appellees for a period of more than 10 years

before they were evicted under a forcible entry and detainer proceeding in 1917. The first 10 assignments of error are overruled.

There is no reason why a title by limitation might not be acquired by minors. The evidence, however, shows that Jose Guerra was 21 or 22 years of age in 1894, and he was in possession of the land at that time. Both of the appellees testified that they never heard of any lease of the land made to their father. At the time that J. O. Luby swore that he was making an annual verbal lease of the land to Evaristo Guerra, the evidence, believed by the jury to be true, showed that Isidro Guerra, the grandfather of appellees, was in possession and claiming the land. Evaristo Guerra is dead, and what inducement was held out to obtain his mark to the written lease in 1906, after the title by limitation had been perfected to at least a portion of the land, was not ascertained. J. O. Luby was one of the witnesses to the first lease contract, and as a notary public took the acknowledgment of Evaristo Guerra to the second contract. That was on December 25, 1907. At that time appellees were in possession of and claiming the land.

[2, 3] Appellees showed that they held adverse, continued possession of the land for more than 10 years after Isidro Guerra left the land, and testimony as to a verbal gift of the land to appellees by Isidro Guerra could not have injured appellants. Appellees did not rest their title on the gift, but it was proven merely to show that they were placed in possession of the land by Isidro Guerra and to show that Evaristo Guerra was never in possession. The evidence was admissible for those purposes.

There was no error in the issues submitted by the court, and by a special charge, requested by appellants and given by the court, the jury was instructed that appellees did not have possession of the entire 480 acres of land until it was inclosed by a fence. Had there been any error in the charge of the court, as claimed by appellants, it was cured by the special charge prepared by appellants. The eleventh and twelfth assignments of error are overruled.

The thirteenth assignment of error is overruled. There is nothing inconsistent in the answer of the jury to the questions propounded by the court.

[4] The witnesses for appellees had shown fully and clearly that Evaristo Guerra, after the death of his wife in 1899 or 1900, lived with his children, sometimes on and sometimes off the land in controversy; and it could not have injured appellants to refuse him the privilege of asking Jesus Guerra if his father was not a part of his family until he was evicted from the land. Suppose he had answered in the affirmative, as appellants evidently desired that he should, it would not have shown that Evaristo was in possession of the land. No possible answer to the question would have been material. The fourteenth assignment of error is overruled.

[5, 6] The manner of conducting the examination of witnesses and order in which they are permitted to testify are matters largely within the discretion of the district court, and we fail to see that this discretion was abused by the court in permitting Jesus Guerra, one of the plaintiffs, to be re-examined as to parts of his testimony and explain and correct former statements made by him. The court qualified the bill of exceptions by stating that the witness was never under the rule, that it was apparent that the witness "had not been tampered with," and that the witness, not understanding English, had testified through an interpreter, and being so handicapped an opportunity was given to him to explain or correct portions of his evidence. In the case of Phillipson v. Flynn, 83 Tex. 580, 19 S. W. 136, cited by appellants, the plaintiff sought a new trial in order that she might explain testimony given on the trial. Of course, the court held that it could not encourage the practice of granting a new trial on any such ground. The sixteenth and seventeenth assignments of error are overruled.

The judgment is affirmed.